UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON DOUGLAS RICKMAN,

    Petitioner,

v.

NICK J. LUDWICK,

    Respondent.[1]

CASE NO. 2:07-CV-11834
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL J. KOMIVES

# REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION .................................................................. 2
II.     REPORT ....................................................................................... 2
    A.  *Procedural History* ................................................................. 2
    B.  *Factual Background Underlying Petitioner's Conviction* ........... 3
    C.  *Standard of Review* ................................................................ 4
    D.  *Involuntary Confession (Claim I)* ............................................. 7
        1.    *Clearly Established Law* .............................................. 7
        2.    *Analysis* ..................................................................... 9
    E.  *Other Acts Evidence (Claim II)* .............................................. 10
        1.    *Clearly Established Law* ............................................ 10
        2.    *Analysis* ................................................................... 11
    F.  *Illegal Arrest/Fruit of a Poisonous Tree (Claim III)* .................. 12
        1.    *Illegal Arrest* ............................................................ 12
        2.    *Statement as Fruit of Illegal Arrest* ........................... 13
        3.    *Delay in Arraignment* ............................................... 14
    G.  *Ineffective Assistance of Counsel* ......................................... 15
        1.    *Clearly Established Law* ............................................ 15
        2.    *Analysis* ................................................................... 16
            a. Failure to Seek <u>Wade</u> Hearing ................................ 16
            b. Failure to Object to Vouching ................................. 18
    H.  *Conclusion* .......................................................................... 19
III.    NOTICE TO PARTIES REGARDING OBJECTIONS ............................ 19

---

[1]By Order entered this date, Nick J. Ludwick has been substituted in place of Thomas Bell as the proper respondent in this action.

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.   REPORT:

A.    *Procedural History*

1.    Petitioner Milton Douglas Rickman is a state prisoner, currently confined at the St. Louis Correctional Facility in St. Louis, Michigan.

2.    On October 30, 2009, petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529; felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; unlawfully driving away an automobile (UDAA), MICH. COMP. LAWS § 750.413; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court.  On November 19, 2003, he was sentenced as an habitual offender, fourth offense, to concurrent terms of 18-28 years' imprisonment on the armed robbery conviction and 1-5 years' imprisonment on each of the felon in possession and UDAA convictions, all consecutive to a mandatory term of two years' imprisonment on the felony-firearm conviction.

3.    Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

>   I.    DEFENDANT-APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS THE ORAL AND WRITTEN STATEMENTS OF DEFENDANT-APPELLANT.
>
>   II.   DEFENDANT-APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION IN ADMISSION OF PRIOR BAD ACTS.

Petitioner also filed a *pro per* supplemental brief, raising two additional claims:

>   III.  WHERE DEFENDANT WAS ARRESTED ON LESS THAN PROBABLE

> CAUSE, AND HELD FOR DAYS WITHOUT ARRAIGNMENT AND WITHOUT COUNSEL, HIS SUBSEQUENT STATEMENTS WERE THE FRUITS OF THE POISONOUS TREE AND THE TRIAL COURT ERRED REVERSIBLY IN REFUSING TO SUPPRESS THE STATEMENTS.
>
> IV. DEFENDANT COUNSEL WAS INEFFECTIVE AND DENIED DEFENDANT MILTON RICKMAN A FAIR TRIAL BECAUSE COUNSEL FAILED TO MAKE APPROPRIATE MOTIONS AND/OR OBJECTIONS.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Rickman*, No. 253390, 2005 WL 2319129 (Mich. Ct. App. Sept. 22, 2005) (per curiam).

    4.    Petitioner, proceeding *pro se*, sought leave to appeal these four issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Rickman*, 474 Mich. 1027, 708 N.W.2d 414 (2006).

    5.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on April 26, 2007. As grounds for the writ of habeas corpus, he raises the four claims that he raised in the state courts.

    6.    Respondent filed his answer on July 30, 2007. He contends that petitioner's claims are without merit.

    7.    Petitioner filed a reply to respondent's answer on December 12, 2007.

B.    *Factual Background Underlying Petitioner's Conviction*

On May 31, 2003 around midnight, Shakira Tuft was robbed at gunpoint when getting into her car parked outside of her friend's apartment building. Her purse and car keys were stolen. After going back upstairs to her friend's apartment to call the police, she sat by the window to watch her Ford Explorer. About an hour after her purse and keys were stolen, Tuft saw three people pull up

in a Saturn vehicle and drive away with her car. She found the purse that had been stolen in the back of the Saturn. Later that night, Tuft's Explorer was involved in an accident.

At about 4 a.m., petitioner was questioned at Detroit Receiving Hospital by Officer Colon. He told the officer he had been shot while walking down the street by someone in an Oldsmobile. Petitioner then told Officer Rodgers about an hour later that he had been shot by someone in a Monte Carlo. Still at the hospital, at approximately 8 a.m., Officer Davis interviewed petitioner. Davis advised petitioner of his rights, and petitioner went on to make a statement that he had robbed a woman of her purse, and had later come back and stolen her car. He also said that he had later been shot by someone in a Monte Carlo.

The next day, petitioner was taken to the police station where he was again informed of his rights. He signed both a notification of rights form and a waiver of his rights, and then confessed to the crime, claiming that it was committed, however, without a weapon. This confession was signed by petitioner. Eventually, petitioner was charged and convicted in a jury trial of armed robbery, felon in possession of a firearm, unlawfully driving away an automobile, and felony firearm. He was also given an habitual offender, fourth offense notice. On October 24, 2003, petitioner moved to suppress his written statement in a *Walker* hearing, but was denied. The trial judge ruled that the statement was freely, voluntarily, and knowingly given. During trial, the judge allowed the admission of prior bad acts evidence, probative of modus operandi as well as a common scheme or plan. Petitioner also took the stand, and testified that he only gave and signed his confession because he had been told by police he wouldn't receive further medical attention until he did so. The jury found petitioner guilty on all counts.

C.      *Standard of Review*

4

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also, Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also, Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also, Bell*, 535 U.S. at 694.

5

However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D.

6

Mich. 2002) (Tarnow, J.).

D.     *Involuntary Confession (Claim I)*

Petitioner argues that his confession was not voluntary for two reasons. First, he was under the influence of morphine during his initial statement to police and second, his signed confession was the result of police coercion. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.     *Clearly Established Law*

As the Supreme Court explained in *Jackson v. Denno*, 378 U.S. 368 (1964), "a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession." *Jackson*, 378 U.S. at 376. "Determining whether a confession is 'voluntary' for due process purposes entails an examination into the 'totality of circumstances' to determine whether the confession was procured by acceptable techniques that draw upon an essentially free and unconstrained choice or by unacceptable tactics that extract their results from an overborne will. The critical line of distinction is between 'self-direction' and 'compulsion.'" *Cooper v. Scroggy*, 845 F.2d 1385, 1390 (6th Cir. 1988) (citing *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)); *accord Dickerson*, 530 U.S. 428, 434 (2000). It is not enough that a defendant's will was "overborne" by some factor for which state officials are not responsible. "Coercive police conduct is a necessary prerequisite to the conclusion that a confession was involuntary, and the defendant must establish a causal link between the coercive conduct and the confession." *Carter v. Johnson*, 131 F.3d 452, 462 (5th Cir. 1997) (citing *Colorado v. Connelly*, 479 U.S 157, 167 (1986)). There is no bright line test for determining whether a confession is voluntary, nor is any one factor dispositive. Rather, a court must "look[]

to the totality of circumstances concerning whether a defendant's will was overborne in a particular case.  Relevant factors may include the defendant's age, education and intelligence; whether the defendant has been informed of his constitutional rights; the length and extent of the questioning; and the use of physical punishments, such as the deprivation of food or sleep." *United States v. Mahan*, 190 F.3d 416, 422-23 (6th Cir. 1999) (internal quotation and citation omitted); *accord, Watson v. DeTella*, 122 F.3d 450, 453 (7th Cir. 1997); *Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir. 1994).

For purposes of habeas review, "the ultimate question whether, under the totality of circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution is a [legal] matter for independent federal determination." *Miller v. Fenton*, 474 U.S. 104, 112 (1985).  However, a state court's findings of historical fact are presumed by this Court to be correct unless rebutted by petitioner with clear and convincing evidence.  *See* 28 U.S.C. §2254(e)(1).  *See generally, Townsend v. Sain*, 372 U.S. 293, 309 n.6 (1963) (factual findings entitled to a presumption of correctness under the habeas statutes are those relating to "basic, primary, or historical facts: facts in the sense of a recital of external events and the credibility of their narrators.") (internal quotation omitted).  Thus, "subsidiary factual questions, such as whether . . . in fact the police engaged in the intimidation tactics alleged by the defendant are entitled to the §2254 [(e)(1)] presumption." *Miller*, 474 U.S. at 112; *see also, id*. at 117. Further, "[a] federal court . . . is not limited to express factual findings made by the State court; it must also rely on any resolution of factual disputes that can be fairly inferred from the state court record." *Andersen v. Thieret*, 903 F.2d 526, 529-30 (7th Cir. 1990) (citing *LaValle v. Della Rose*, 401 U.S. 690, 694-95 (1973)).

2.   *Analysis*

Here, petitioner claims that the statements and confession he made to police were involuntary, and that their subsequent admission violated his right to due process under the Fourteenth Amendment. First, he alleges he was under the influence of morphine when he made his first statement to Officer Davis at the hospital. Second, he claims police officers coerced him into confessing at the station by telling him he would be deprived of medical attention until he confessed to the crimes committed. In denying petitioner's motion to suppress, it is clear that the trial judge believed neither of these accusations, and petitioner has not rebutted the court's findings of fact with clear and convincing evidence to prove the statements he made were involuntary.

The credibility of witnesses and the determination of whether or not police secured a confession by coercion fall under the presumption of correctness. *See Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997). At the close of testimony in the *Walker* hearing, the trial judge concluded that the statement signed by petitioner was freely, voluntarily, and knowingly given. Based on that conclusion, it can be fairly inferred that the judge resolved the factual disputes about the effect morphine had on petitioner during the interviews and the accusation of police coercion in favor of the prosecution. *See Andersen*, 903 F.3d at 529-30. Further, petitioner failed to rebut these findings of fact afforded the presumption of correctness by any clear and convincing evidence. He has provided no evidence that he was in fact administered morphine, nor that the morphine had affected his first statement or more importantly the second statement he agreed to sign. Also, he has provided no evidence other than his testimony, which the trial judge did not believe was credible, to prove that he was denied medical care by police officers until he confessed. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.     *Other Acts Evidence (Claim II)*

Petitioner next argues that he was denied a fair trial by the admission of testimony of a similar act. The trial court allowed the testimony of two women who had been robbed in much the same way as the victim in petitioner's case.

1.     *Clearly Established Law*

It is well established that habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws). Thus, unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional magnitude. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Davis v. Jabe*, 824 F.2d 483, 487 (6th Cir. 1987). "[A] federal habeas court has nothing whatsoever to do with reviewing a state court ruling on the admissibility of evidence under state law. State evidentiary law simply has no effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law itself violates the Constitution." *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994).

In short, "[o]nly when the evidentiary ruling impinges on a specific constitutional protection

or is so prejudicial that it amounts to a denial of due process may a federal court grant a habeas corpus remedy." *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999); *see also, Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). Where a specific constitutional right – such as the right to confront witnesses or to present a defense – is not implicated, federal habeas relief is available only if the allegedly erroneously admitted evidence "is almost totally unreliable and…the factfinder and the adversary system will not be competent to uncover, recognize, and take due account of its shortcomings." *Barefoot v. Estelle*, 463 U.S. 880, 899 (1983).

    2.    *Analysis*

The Court should conclude that petitioner is not entitled to habeas relief on this claim. The question here is not whether the bad acts evidence introduced at trial was properly admitted under the Michigan Rules of Evidence, but whether petitioner was denied a fair trial by the admission of prior bad acts evidence. Therefore, petitioner is not entitled to habeas relief here even if the evidence was not properly admitted under Rule 404(b). Both the Supreme Court and the Sixth Circuit have repeatedly held that a defendant is not denied a fair trial by the admission of prior bad acts evidence which is relevant to the defendant's trial. *See Estelle*, 502 U.S. at 69-70; *Dowling v. United States*, 493 U.S. 342, 353-54 (1990); *Coleman v. Mitchell*, 268 F.3d 417, 439-40 (6th Cir. 2001); *Pennington v. Lazaroff*, 13 Fed. Appx. 228, 232 (6th Cir. 2001) (per curiam) (unpublished); *Manning v. Rose*, 507 F.2d 889, 893-95 (6th Cir. 1974). Thus, the admission of prior bad acts testimony did not result in a decision contrary to, or which involved an unreasonable application of, clearly established federal law. Further, analysis of whether or not petitioner's claim is cognizable on habeas review is not necessary here, as petitioner cannot show that the admission of this evidence was improper under state law. Although "[e]vidence of other crimes, wrongs, or acts is not

11

admissible to prove the character of a person in order to show action in conformity therewith [,] [i]t may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act [.]" MICH. R. EVID. 404(b)(1). The evidence in dispute here was used to demonstrate a common motive, plan, and scheme to both of the crimes committed. It consisted of testimony by two women, Michelle and Mikiah Binion, who had been robbed near their apartment building after they had gotten out of their car. One of the women had her purse stolen along with her keys. About a month later, the perpetrator returned and stole the woman's car with the stolen keys. *See* Trial Tr., dated 10/27/03, at 181-98; *id.*, dated 10/28/03, at 19-32. The crime at issue in this case involved a very similar scenario. A woman, Shakira Tuft, was robbed outside of her friend's apartment building as she went to get into her car. Petitioner used a weapon to steal her purse and keys, and later returned to steal her car using the stolen keys. *Id.* at 43-56.

Not only was the decision to admit this prior bad acts evidence not contrary to federal law according to Supreme Court precedent, or an unreasonable application of federal law, but the evidence was also properly admitted under Michigan law. Accordingly, the Court should deny petitioner habeas relief on this claim.

F. *Illegal Arrest/Fruit of a Poisonous Tree (Claim III)*

Petitioner next argues that his confession was the fruit of a poisonous tree because his arrest was illegal, partly due to his unreasonably delayed arraignment. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1. *Illegal Arrest*

To the extent petitioner seeks habeas relief on the basis that he was arrested without probable cause, petitioner's claim is not cognizable. It is an "established rule that illegal arrest or detention

does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Thus, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Thus, petitioner's alleged illegal arrest alone does not provide a basis for habeas relief.

2. *Statement as Fruit of Illegal Arrest*

Nor is petitioner's claim that his statement was inadmissible as the fruit of an illegal arrest cognizable on habeas review. Because "the exclusion of illegally seized evidence is simply a prophylactic device intended to deter Fourth Amendment violations by law enforcement officers," *Kaufman v. United States*, 394 U.S. 217, 224 (1969), the Supreme Court has determined that

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone v. Powell*, 428 U.S. 465, 482 (1976); *see also*, *Cardwell v. Taylor*, 461 U.S. 571, 571-72 (1983) (per curiam). A claim that a confession was tainted by an illegal arrest and should have been excluded is a claim based on the Fourth Amendment, and thus fails with the rule of *Stone*. *See Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000); *Jones v. Johnson*, 171 F.3d 270, 277-78 (5th Cir. 1999); *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992); *Jackson v. Scully*, 781 F.2d 291, 297 (2d Cir. 1986).

Thus, petitioner's claim is not cognizable on habeas review if he had an adequate opportunity to present his claim to the state courts. "For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which to raise the claim and the presentation of the claim

13

in this case must not have been frustrated by a failure of that mechanism." *Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985); *see also, Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982); *Willett v. Lockhart*, 37 F.3d 1271-72 (8th Cir. 1994). The requirements that there be, in the abstract, a mechanism by which to raise the Fourth Amendment claim "is met when state procedures provide a meaningful vehicle for a prisoner to raise a fourth amendment claim." *United States v. Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985). Michigan provides such a mechanism to raise and litigate Fourth Amendment claims, and there is no evidence that this mechanism was not available to petitioner in the state courts. *See Markham v. Smith*, 10 Fed. Appx. 323, 327 (6th Cir. 2001); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). Accordingly, petitioner is not entitled to habeas relief on this claim.

      3.     *Delay in Arraignment*

With regard to petitioner's claim that his arrest was illegal in part due to what he claims was a delayed arraignment, the Supreme Court held in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), that the Constitution requires a defendant be given a reasonably prompt probable cause determination (such as arraignment) following his arrest, and that a delay in arraignment greater than 48 hours after arrest is presumptively unreasonable. *See id.* at 55-58. The Supreme Court has explicitly declined to rule on the appropriate remedy for a *McLaughlin* violation, *see Powell v. Nevada*, 511 U.S. 79, 84 (1994), and the Michigan courts have held that suppression of a statement is not "per se" required for a *McLaughlin* violation. *See People v. Manning*, 243 Mich. App. 615, 636-44, 624 N.W.2d 746, 756-60 (2000). Rather, the existence of a delay is merely a factor to be considered in determining whether a statement was voluntary. *See id.* Thus, the existence of a *McLaughlin* violation alone does not require suppression of a custodial statement given after arrest

14

but before arraignment. See *Pritchett v. Portuondo*, No. 02 Civ. 0824, 2003 WL 22472213, *10 (S.D.N.Y. Oct. 31, 2003) (suppression not an appropriate remedy for *McLaughlin* violation).

Here, the length of time between the initial questioning and arraignment in this case, which petitioner alleges contributed to making his arrest illegal, is moot. Police questioning began at 4 a.m. on June 1st, and the next day, June 2nd, petitioner signed his confession at the police station. This occurred before the 48-hour time limit set by the Court in *Riverside*. If a defendant confesses before the time arraignment is considered unreasonable, he cannot claim that a delay in a probable cause determination caused him to confess. Further, even if petitioner had only confessed after the 48-hour threshold, it would only be one factor among the totality of circumstances to be considered in determining whether or not a confession was voluntary. Further, as with petitioner's illegal arrest claim, a claim that the state impermissibly delayed arraignment following arrest is a claim based on the Fourth Amendment, and is therefore barred by the *Stone* rule. *See Franklin v. McBride*, No. 96-2399, 1997 WL 73228, at *1 (7th Cir. Feb. 5, 1997); *Ben-Yisrayl v. Davis*, 245 F. Supp. 2d 960, 968 (N.D. Ind. 2002). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.    *Ineffective Assistance of Counsel*

Finally, petitioner argues that his counsel was ineffective for not filing a motion for a *Wade* hearing to challenge his identification by the witnesses testifying about the prior bad acts, and for failing to object to the prosecution's vouching for the witnesses.

1.    *Clearly Established Law*

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687

(1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim…to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). "Defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

    2.    *Analysis*

*a. Failure to Seek Wade Hearing*

Petitioner contends that counsel was ineffective for failing to seek a *Wade* hearing to challenge his identification as the perpetrator of the other robbery by the two prior acts witnesses.

Although impermissibly suggestive identification may violate due process, see *Stovall v. Denno*, 38845293, 301-02 (1967); *Neil v. Biggers*, 409 U.S. 188, 197-98 (1972), petitioner does not allege that there was any impermissibly suggestive identification of him as the perpetrator of the crimes for which he was on trial and are at issue here. Instead, he claims that testimony given by Michelle and Mikiah Binion as other acts testimony in the case under review here, and his identity as the perpetrator of those other acts, was based on an impermissibly suggestive line-up. He has cited, and I have found, no cases extending the impermissibly suggestive line-up cases to identification other than those relating to the crime for which he is on trial. Such a rule contradicts the general approach to Rule 404(b) evidence. As the Supreme Court has explained, "[o]ften the trial court may decide to allow the proponent to introduce evidence concerning a similar act, and at a later point . . . assess whether sufficient evidence has been offered to permit the jury to make the requisite finding." *Huddleston v. United States*, 485 U.S. 681, 690 (1988). The trial court here gave the jury the opportunity to assess the testimony of Michelle and Mikiah Binion for credibility as they would any other witness.

    Further, petitioner cannot show that had counsel moved to suppress these identifications such a motion would have been granted, even assuming that the rules governing suggestive identification apply to identifications of a defendant as the perpetrator of a different crime introduced under Rule 404(b). A pretrial identification violates a defendant's rights only when the identification procedures employed are so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). Petitioner alleges that the prior victims were told that the person they previously identified did not commit the prior robbery, and asked them to view a second line-up. Although the police told the victims that

17

their first identification was incorrect, petitioner does not allege that there was anything unduly suggestive about the actual line-up in which he was placed that caused the victim's to identify him as the perpetrator, rather than another person in the line-up or no one at all. *See English v. Cody*, 241 F.3d 1279, 1283 (10th Cir. 2001) ("English complains about the use of a second lineup containing his picture, after a witness chose the wrong picture from the first lineup, but he fails to show that this is itself impermissibly suggestive."). The mere fact that the victims may have known that a suspect was in the line-up does not render the line-up unduly suggestive. *See Jamison v. Collins*, 100 F. Supp. 2d 647, 745 (S.D. Ohio 2000), *aff'd*, 291 F.3d 380 (6th Cir. 2002). Thus, petitioner has failed to show that the victims of the other robbery identified him in an impermissibly suggestive line-up, and he therefore cannot show that counsel was ineffective for failing to seek suppression of the this evidence.

### b. Failure to Object to Vouching

Petitioner also contends that counsel was ineffective for failing to object to the prosecutor's improper vouching for the witnesses. Specifically, petitioner contends that improper vouching occurred when the prosecutor stated, during closing argument: "You have direct, believable testimony from college-educated ladies, saying that this man robbed them as they're coming from the crisis bible service in February." Trial Tr., dated 10/29/03, at 140-41. Because this did not amount to impermissible vouching, petitioner cannot show that counsel was ineffective. Improper vouching occurs either (1) "when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness' credibility thereby placing the prestige of the [prosecutor's office] behind that witness," or (2) through "comments that imply that the prosecutor has special knowledge of facts not in front of the jury." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999); *see*

*also, United States v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir. 2001).  In context, the prosecutor's comment did not suggest a personal belief in the witnesses's credibility or imply the existence of any facts bearing on their credibility which were not before the jury.  Rather, the prosecutor's comment suggests merely that, in light of the evidence presented, the witnesses' testimony regarding the prior robbery was credible.  Further, even if the comment was improper, it did not prejudice petitioner in light of the evidence against petitioner, including the victim's testimony and petitioner's own confession.  Thus, petitioner cannot show that he was prejudiced by counsel's failure to object to this comment.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

H.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report

and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: 7/31/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 31, 2009.
>
>                             s/Eddrey Butts  
>                             Case Manager