# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MILTON DOUGLAS RICKMAN,**

    **Petitioner,**

**v.**

**NICK J. LUDWICK,**

    **Respondent.**

_____/

**Case No. 07-cv-11834**

**HONORABLE DENISE PAGE HOOD**

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    Introduction**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation ("R & R"), dated July 31, 2009 [Docket No. 22]. The R & R recommends denying Petitioner Milton Douglas Rickman's Petition for the Writ of Habeas Corpus. Petitioner filed objections to the R & R, dated August 31, 2009 [Docket No. 24]. The Court accepts and adopts Magistrate Judge Komives' conclusion that Petitioner's Petition for the Writ of Habeas Corpus should be denied.

**II.    Involuntary Confession**

As to Petitioner's first claim that the statements and confession he made to police were involuntary and their subsequent admission violated his Fourteenth Amendment right to due process, the Court agrees with the Magistrate Judge's conclusions. Petitioner asserts that his confession was involuntary because he was under the influence of morphine at the time of the confession, and

1

further claims that his signed confession was the result of police coercion. However, in the Walker hearings the trial judge was not persuaded by Petitioner's arguments as he denied the Petitioner's motion to suppress such evidence.

Pursuant to 28 U.S.C. § 2254(e)(1), a determination of a factual issue made by a state court shall be presumed correct and the applicant shall have the burden of rebutting the presumption by clear and convincing evidence. *McAdoo v. Elo*, 365 F.3d 487, 493 (2004). Petitioner fails to present clear and convincing evidence to rebut the state court's findings of historical fact which is presumed to be correct. The state of the accused's mind and any drugs he might have been administered are factors to be evaluated in assessing the voluntariness of an accused's responses, but courts have found they are not in and of themselves determinative. *Wolfrath v. LaVellee*, 576 F.2d 965, 971 (1978). Based on an evaluation of the totality of circumstances and the trial judge's conclusion that the statement signed by petitioner was freely, voluntarily and knowingly given, it can fairly be inferred that the factual dispute relating to the administration and effect the morphine had on Petitioner was also resolved. See *Anderson v. Thieret*, 903 F.2d 526, 529-30 (7th Cir. 1990).

Petitioner does not present evidence of his state of mind while he was being questioned at the hospital and any evidence he does present regarding his condition does not rise to the level of the suspect's condition in *Mincey v. Arizona*. 437 U.S. 385, 398-403 (1978). Additionally, as the Magistrate Judge states, "it is not enough that a defendant's will was overborne by some factor for which state officials are not responsible." There must have been coercive police conduct as a prerequisite to the conclusion that a confession was involuntary, and such a determination again falls under the presumption of correctness. Because Petitioner provided no evidence, other than his testimony, that he was denied medical care by police officers until they secured a confession,

2

Petitioner failed to rebut the trial judges findings of fact, afforded the presumption of correctness, by any clear and convincing evidence. Therefore the Court adopts the Magistrate Judge's conclusions on this claim and denies Petitioner habeas relief.

## III.     Other Acts Evidence

As to Petitioner's second claim for habeas corpus relief, he argues that he was denied a fair trial by the admission of testimony of a similar act. The Magistrate Judge concluded that Petitioner failed to demonstrate that the lower court's decision to admit prior bad acts evidence warranted a habeas corpus remedy because even if there was a violation of Michigan's evidentiary rules, the violation did not result in a denial of fundamental fairness. Petitioner claims that Michelle and Mikiah Binion failed to correctly identify petitioner and therefore their testimony was weak or tenuous, citing *Golochowicz* to support the idea that such evidence should not be presented to a jury. *People v. Golochowicz*, 413 Mich. 298 (1982). However, assuming that the lower court did erroneously admit the similar acts evidence, habeas corpus is not available to remedy a state courts error in the application of state law.

Petitioner also cites *United States v. Bradley* claiming that the innocence or guilt of the accused must be established by evidence relevant to the specific offense being tried, not by evidence that the accused has engaged in other acts of wrongdoing. 5 F.3d 1317 (1999). However, *Bradley* involves an appeal from a lower court's finding, not a habeas corpus review. While it is the province of an appellate court to reexamine state court determinations on state law questions, such is not the province of a federal habeas court. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).Therefore, even if the trial court erred in admitting Michelle and Mikiah Binion's testimony, "a violation of a state's evidentiary rule warrants habeas corpus relief only when such violation results in the denial

of fundamental fairness, and concomitantly, a violation of due process." *Brown v. O'Dea*, 227 F.3d 642, 643 (2000). Courts have found that the admission of similar act evidence did not impinge on a specific constitutional protection and was not prejudicial so as to amount to a denial of due process. *See Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999). In any case the Mich. R. Evid. 404(b)(1) states that bad acts evidence is inadmissible to prove the character of a person but may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act." Here, the evidence was used to demonstrate a common motive, plan, and scheme to the crimes committed against Michelle and Mikiah and the crime committed against Shakira Tuft. The Court denies Petitioner's habeas relief on this claim.

## IV. Illegal Arrest

As to Petitioners claim that his confession was the fruit of a poisonous tree, the Court agrees with the Magistrate Judge's conclusions. Even assuming it was illegal, Petitioner's arrest would not be enough to void a subsequent conviction under established law. *Gerstein v. Pugh*, 420 U.S. 103 (1975). While Petitioner states that "evidence discovered in a search incident to an unlawful arrest may be subject to the exclusion rule as the fruit of a poisonous tree," citing *Wong Sun v. United States*, the Supreme Court places a different standard for habeas corpus review of such claims. *See Wong Sun*, 83 S.Ct. 407 (1963). The Supreme Court in *Stone* states, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 465 (1976). Michigan provides a mechanism to raise a Fourth Amendment claim, and in this case it was through the motion to suppress. Defendant never raised his Fourth Amendment claim in his motion to suppress

4

and does not advance a reason why this claim was not presented. Regarding Petitioner's claim that his arrest was illegal due to a delayed arraignment, the Michigan Court of Appeals found that he was arraigned less than 48 hours after police began questioning him. The Court adopts the Magistrate Judge's legal and factual finding on this claim, and Petitioner is not entitled to habeas relief on this claim.

Petitioner's request for an evidentiary hearing on his Fourth Amendment claim should be denied. Habeas corpus review based on state law is extremely limited. 28 U.S.C. § 2254(e)(2) provides that if the accused fails to develop the factual basis of a claim in State court, an evidentiary hearing should not be held except under limited circumstances. Petitioner does not fall under any of the statutory conditions for excusing the deficiency and granting an evidentiary hearing. While Petitioner claims he has not failed to develop the facts under the statute and therefore there was no lack of diligence on his part, he fails to present any facts to support that he was diligent in his efforts to advance this Fourth Amendment claim.

## V. Ineffective Assistance of Counsel

As for Petitioner's last claim, he argues that his counsel was ineffective for failing to seek a *Wade* hearing to challenge the identifications made by the witnesses testifying about the prior bad acts, and for failing to object to the prosecutions vouching for the witnesses. This Court agrees with the Magistrate Judge that Petitioner never alleges there was any impermissibly suggestive identification of him as the perpetrator of the crimes for which he was on trial. The cases that Petitioner cites only pertain to the impermissibly suggestive identification of the perpetrator for the crime for which he is on trial. Furthermore, the Court agrees that Petitioner cannot show that had counsel moved to suppress these identifications, such a motion would have been granted. Because

Petitioner has failed to show that victims of the other robbery identified him in an impermissibly suggestive line up, he therefore cannot show that counsel was ineffective for failing to seek suppression of the evidence.

Petitioner argues the Magistrate Judge incorrectly found that there are "no cases extending the impermissibly suggestive line-up cases to identification other than those relating to the crime for which he is on trial." (R&R 17). In support of this argument, Petitioner cites *U.S. v. Wade*, 388 U.S. 218 (1967), quoting "it is a matter of common experience that, once a witness has picked out the accused at the line-up, he is not likely to go back on his word . . .". In *Wade*, the defendant challenged a pre-trial identification relative to the crime for which he was being prosecuted: "a critical stage of the prosecution." *Id* at 237. Here, Petitioner does not challenge the identification of him as perpetrator of the crimes with which he was charged, but argues that the other acts testimony given was based on an impermissibly suggestive line-up. This Court agrees with the Magistrate Judge that Petitioner's argument remains unsupported, and counsel was not ineffective for filing a motion for a *Wade* hearing, as such a motion would be frivolous in this context. Contrary to Petitioner's argument, Petitioner has not demonstrated that such a motion would have been granted. As Petitioner has failed to demonstrate that trial counsel was deficient, he cannot satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and his claim for habeas relief fails.

This Court agrees with the Magistrate Judge that Petitioner's claim of ineffective assistance of counsel based on a failure to object to improper vouching by the prosecutor during closing arguments also fails. Even presuming that the prosecutor's comment did constitute

6

improper vouching, Petitioner cannot establish that he was prejudiced by the comment, or trial counsel's failure to object to the comment, as required under *Strickland*.

VI.     **Certificate of Appealability**

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim

of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Here, the Court concludes that jurists of reason would not find the Court's assessment of Petitioner's claims debatable or wrong. The Court declines to issue Petitioner a certificate of appealability. However, the Court grants Petitioner leave to proceed on appeal *in forma pauperis*, as any appeal would not be frivolous. *See* Fed. R. App. P. 24(a).

**VII.    Conclusion**

Accordingly,

**IT IS ORDERED** that Magistrate Judge Paul J. Komives' Report and Recommendation [Docket No. 22, filed on July 31, 2009] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law. Petitioner's Petition for Habeas Corpus is **DENIED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 31, 2010

I hereby certify that a copy of the foregoing document was served upon Milton D. Rickman, Reg. No. 252749, St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI 48880 and counsel of record on August 31, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager